## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARIUS GITTENS,<br><br>      Plaintiff,<br><br>v.<br><br>MILDRED SCHOLTZ, et al.,<br><br>      Defendants. | Civil Action<br>No. 18-2519 (RBK)(KMW)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

Before the Court are Plaintiff's responses to the Court's February 27, 2020, Notice of Call for Dismissal. (ECF Nos. 31, 32).  The Court had issued the Notice because Plaintiff had failed to serve his Complaint within 90 days of July 23, 2019, the date the Court allowed this matter to proceed in part. (ECF No. 30).

On September 10, 2019, Michael Poreda, Esq., of the firm, Wronko Loewen Benucci, Attorneys at Law, entered a notice of appearance on behalf of Plaintiff.  On December 24, 2019, Mr. Poreda filed a motion to amend, along with a motion to appoint himself as *pro bono* counsel, which are currently pending before Magistrate Judge Williams. (ECF No. 28).  Since July 23, 2019, however, both Plaintiff and Mr. Poreda have failed to effectuate service of the original and presently active Complaint in this matter, upon any of the Defendants.

In his responses to the Court's Notice of Call for Dismissal, Plaintiff requests an additional 45 days to effectuate service and expressed his belief, that the Notice of Call for Dismissal should not have occurred until "March 24, 2020" because "the Amended Complaint was filed on December 24, 2019." (ECF No. 32).

Axiomatically, the filing of a *motion* to amend does not constitute a properly filed amended complaint.  Unless and until the Court grants Plaintiff leave to file an amended complaint, he is

not relieved under Rule 4 or the Court's prior Order, of his duty to serve the original Complaint. From Plaintiff's submissions, it appears that his attorney did not attempt to effectuate service, until January 31, 2020, when the Marshals issued a letter advising that Plaintiff had not completed the necessary forms to attempt service. (ECF No. 29). Nor does it appear, that Plaintiff had ever asked for an extension of time to effectuate service.

Service of the Complaint is now more than four months overdue, and the Court finds that Plaintiff has not demonstrated good cause to extend his time for service. Nevertheless, in consideration of Plaintiff's former *pro se* status, the Court will grant him a 14-day extension to serve the Defendants.

Additionally, because Mr. Poreda now represents the Plaintiff, the Court will instruct the Marshals Service to cease all further attempts to serve the Defendants, beyond those, if any, that have already been served. The Court does not find it appropriate to permit Mr. Poreda to enjoy the same benefits as a duly appointed attorney from our *pro bono* panel, unless and until the Court grants his motion to appoint himself as *pro bono* counsel.

Accordingly, IT IS on this __30th__ day of March 2020,

**ORDERED** that the Notice of Call for Dismissal (ECF No. 30) is TERMINATED; and it is further

**ORDERED** that Plaintiff's request for an extension of time to effectuate service is GRANTED IN PART; and it is further

**ORDERED** that Plaintiff shall have 14 days from the date of this Order to effectuate service on the Defendants; and it is further

**ORDERED** that the United States Marshals Service shall cease all further attempts to serve the Defendants beyond those, if any, that have already been served; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to Mike Lewandowski of the United States Marshals Service for the District of New Jersey.

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge